IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-438-D

NATIONAL LABOR RELATIONS )
BOARD, )
 )
                Petitioner, )
 )
     v. )          ORDER
 )
RALEIGH RESTAURANT CONCEPTS, )
INC., )
 )
                Respondent. )

On August 31, 2015, the National Labor Relations Board ("NLRB") petitioned this court to enforce a subpoena duces tecum it had served on Raleigh Restaurant Concepts, Inc. ("Raleigh Restaurant Concepts") [D.E. 1] and filed a memorandum in support [D.E. 2]. On October 20, 2015, Raleigh Restaurant Concepts responded in opposition and argued that the NLRB's petition should be denied or, in the alternative, held in abeyance until the United States Court of Appeals for the Fifth Circuit resolved Murphy Oil USA, Inc. v. NLRB, 808 F.3d 1013 (5th Cir. 2015). See [D.E. 12] 7–12. On October 26, 2015, the Fifth Circuit decided Murphy Oil. On December 21, 2015, this court ordered supplemental briefing concerning that case [D.E. 17]. On January 8, 2016, the parties filed their supplemental briefs [D.E. 18–20]. As explained below, the court grants the NLRB's application for an order enforcing the subpoena duces tecum.

I.

This case relates to a separate action before this court. On June 13, 2014, Leslie Holden ("Holden") filed a putative class or collective action against Raleigh Restaurant Concepts in the Eastern District of North Carolina. See Compl., Holden v. Raleigh Rest. Concepts Inc., No.

5:14-CV-348-F, [D.E. 1], (E.D.N.C. June 13, 2014). Holden, an exotic dancer, alleges that Raleigh Restaurant Concepts violated the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act by misclassifying her and others as "independent contractors" as opposed to "employees." Id. ¶¶ 10–107; cf. McFeeley v. Jackson St. Entm't, LLC, No. 15-1583, 2016 WL 3191896, at *2–6 (4th Cir. June 8, 2016) (holding that exotic dancers were employees of the clubs under the FLSA, rather than independent contractors). In Holden, the court ordered Holden to arbitrate her claims and held that the arbitrator must determine whether Holden may bring class or collective action claims. See Order, Holden v. Raleigh Rest. Concepts Inc., No. 5:14-CV-348-F, [D.E. 27] 1–2, 7 (E.D.N.C. Oct. 28, 2015); see also id. [D.E. 29] (E.D.N.C. June 30, 2016).

During the litigation, Holden filed a charge with the NLRB alleging that Raleigh Restaurant Concepts violated the National Labor Relations Act ("NLRA") by seeking enforcement of a contractual waiver of the right to collectively pursue her claims in all forums, judicial and arbitral. [D.E. 1-1]; see [D.E. 1-5] 31–32 (amending Holden's NLRB charge to include an allegation that Raleigh Restaurant Concepts sought to enforce the policies).[1] The NLRB is investigating Holden's charge.

As a part of its investigation, on March 13, 2015, the NLRB wrote Raleigh Restaurant Concepts and asked it to provide "entertainer leases . . . and copies of all handbooks and work rules that apply to employees at Respondent's facility." [D.E. 1] ¶ d. In response, Raleigh Restaurant Concepts provided the NLRB all documents that Holden had executed, but not leases signed by other entertainers or copies of rules or handbooks that apply to employees of Raleigh Restaurant Concepts. See [D.E. 12] 3. On April 30, 2015, after receiving Raleigh Restaurant Concept's "incomplete"

---

[1] Unless otherwise noted, docket entry citations refer to filings in this case.

response, the NLRB issued a subpoena duces tecum for the documents. [D.E. 1] ¶¶ e–g; see [D.E. 1-3].

On May 7, 2015, Raleigh Restaurant Concepts filed with the NLRB a written petition to revoke the subpoena. See [D.E. 1] ¶ h; [D.E. 1-5]. In its petition to revoke, Raleigh Restaurant Concepts argued that (1) employee handbooks and work rules were not relevant to the case because, as a contractor, Holden never saw these documents; (2) the NLRB could investigate only the charge that Holden filed, not investigate potential violations of the NLRA regarding any non-charging parties; and, (3) insofar as the NLRB was investigating a claim that enforcement of a class-action waiver violated the NLRA, the claim was meritless, and the NLRB could not investigate meritless claims. See [D.E. 1-5] 6–10. The NLRB's Counsel for General Counsel opposed the petition to revoke the subpoena and argued that (1) employee handbooks and work rules were relevant to investigating whether employees of Raleigh Restaurant Concepts had been unlawfully forced to waive their NLRA rights; (2) the request did not expand the scope of the charge; and, (3) no binding precedent indicated whether class-action waivers violate the NLRA. [D.E. 1-5] 19–21.

On July 20, 2015, the NLRB denied the petition to revoke the subpoena. [D.E. 1-6] 2. On August 17, 2015, Raleigh Restaurant Concepts confirmed that it would not provide the subpoenaed information. [D.E. 1] ¶ i. On August 31, 2015, the NLRB filed its petition in this court. See id.

II.

The NLRA gives employees certain statutory rights. See National Labor Relations Act, 29 U.S.C. §§ 151 et seq. The NLRA also empowers the NLRB to "prevent any person from engaging in any unfair labor practice" under the NLRA. Id. § 160(a); see id. § 158 (defining "unfair labor practice"); NLRB v. Interbake Foods, LLC, 637 F.3d 492, 497 (4th Cir. 2011). Specifically, the NLRA grants the NLRB the power to investigate alleged unfair labor practices, "conduct hearings,

3

... administer oaths, examine witnesses, and receive evidence." Interbake Foods, LLC, 637 F.3d at 497; see 29 U.S.C. §§ 160(b), 161(1). After a hearing, the NLRB may "issue cease and desist orders, orders reinstating employees, and orders requiring reports," all of which "are subject to judicial review and enforcement." Interbake Foods, LLC, 637 F.3d at 497 (citing 29 U.S.C. §§ 160(e)–(f)).

Additionally, the NLRB may subpoena witnesses to attend a hearing or produce evidence as part of a proceeding or investigation. See 29 U.S.C. § 161(1). After a party is served with a subpoena, it may, within five days, petition the NLRB to revoke the subpoena. Id. The NLRB "shall revoke" any subpoena requesting information that "does not relate to any matter under investigation, or any matter in question in [a] proceeding[], or if in its opinion such subp[o]ena does not describe with sufficient particularity the evidence whose production is required." Id. "Inherent in the [NLRB's] authority to issue subpoenas, to revoke subpoenas, to examine witnesses, and to receive evidence in accordance with the Federal Rules of Evidence is the authority to make substantive [evidentiary] rulings . . . ." Interbake Foods, LLC, 637 F.3d at 498.

If a party refuses to comply with an NLRB subpoena, the NLRB cannot enforce the subpoena by itself. Id.; see 29 U.S.C. § 161(2). Rather, the NLRB must apply to an Article III court for enforcement. See Interbake Foods, LLC, 637 F.3d at 498. "This reservation of authority to Article III courts protects against abuse of the [administrative] subpoena power." Id. Although judicial scrutiny is limited, courts must not blindly enforce administrative subpoenas. See id. at 499.

To discharge its duty, a district court must determine whether "the subpoena is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant." Id. (quotation omitted); see United States v. Morton Salt Co., 338 U.S. 632, 652 (1950); EEOC v. Randstad, 685 F.3d 433, 442 (4th Cir. 2012); cf. In re Subpoena Duces Tecum, 228 F.3d

4

341, 349 (4th Cir. 2000) (discussing Fourth Amendment requirements for administrative subpoenas). The party opposing the subpoena may raise "any appropriate defense," including an objection based upon overbreadth, lack of specificity, or infringement of a cognizable privilege. See Interbake Foods, LLC, 637 F.3d at 499. The district court has "authority to evaluate the parties' positions" and, before ordering compliance with the subpoena, "the district court must satisfy *itself* [that], under appropriate legal standards, *it* should enforce the subpoena." Id. at 499–500 (emphases in original).

A.

"To establish its authority to investigate, the [administrative agency] need only present an 'arguable' basis for jurisdiction." Randstad, 685 F.3d at 442. "At the subpoena-enforcement stage," the district court may not assess "the likelihood that the [agency] would be able to prove the claims made in the charge." Id. at 449 (quotation and citation omitted); see EEOC v. Shell Oil Co., 466 U.S. 54, 72 n.26 (1984). Rather, "[a]s long as jurisdiction is plausible and not plainly lacking, the subpoena should be enforced, unless the party being investigated demonstrates that the subpoena is unduly burdensome." Randstad, 685 F.3d at 442 (quotations and citation omitted).[2]

The NLRB claims jurisdiction to investigate a charge that Raleigh Restaurant Concepts

---

[2] Raleigh Restaurant Concepts argues that the "court should adjudicate pure questions of law in a subpoena enforcement action," citing nonbinding case law and a Fourth Circuit opinion that the Supreme Court vacated. [D.E. 18] 4–5; see EEOC v. Ocean City Police Dep't, 820 F.2d 1378, 1381–82 (4th Cir. 1987) (en banc), vacated on other grounds, 486 U.S. 1019 (1988); cf. Shell Oil Co., 466 U.S. at 65 (holding, in a case involving an EEOC subpoena, that the existence of a charge that meets statutory procedural "requirements . . . is a jurisdictional prerequisite to judicial enforcement" of the subpoena). As such, according to Raleigh Restaurant Concepts, if the facts alleged in the charge and reasonable inferences drawn therefrom do not, as a matter of law, plausibly violate the NLRA, the NLRB has no authority to investigate and therefore the subpoena should be quashed.

As logically tidy as this argument seems, the Fourth Circuit has not yet adopted it. See Randstad, 685 F.3d at 442. Thus, in accordance with Randstad, the court assesses only whether the NLRB "arguabl[y]" has jurisdiction. See id.

5

violated the NLRA by requiring Holden to waive her right to pursue a collective action as a part of an arbitration agreement. [D.E. 2] 2–6. The court may not speculate as to the likelihood that the NLRB will ultimately prove that the contractual waiver in this case violated Holden's NLRA rights. See Randstad, 685 F.3d at 449.[3] Rather, it must decide whether this determination "arguably" falls within the jurisdiction of the NLRB. See id. at 442.

The Fourth Circuit has not yet decided whether a mandatory class-action waiver in an arbitration agreement violates the NLRA. Federal circuit courts have reached conflicting conclusions. Compare Cellular Sales of Mo., LLC v. NLRB, No. 15-1620, No. 15-1860, 2016 WL 3093363, at *2 (8th Cir. June 2, 2016) (holding that a mandatory class-action waiver as part of an arbitration agreement does not violate the NLRA) and Murphy Oil, 808 F.3d at 1018–20 (same), with Lewis v. Epic Sys. Corp., 823 F.3d 1147, 1154–55 (7th Cir. 2016) (holding that requiring an employee to relinquish class-action rights violates the NLRA). Given the absence of controlling precedent and the circuit split, the NLRB's jurisdiction is not plainly lacking, and the NLRB has authority to investigate the charge. See, e.g., Morton Salt Co., 338 U.S. at 652; Randstad, 685 F.3d at 442; Interbake Foods, LLC, 637 F.3d at 499.

B.

Next, the court must determine whether the subpoena demand is too indefinite. See Morton Salt Co., 338 U.S. at 652; Randstad, 685 F.3d at 442; Interbake Foods, LLC, 637 F.3d at 499. Here, the subpoena duces tecum requests that Raleigh Restaurant Concepts provide (1) "all leases signed

---

[3] Likewise, the court may not speculate whether Holder is an "employee" within the meaning of the NLRA. The interpretation of the term "employee" as used in the NLRA falls within the NLRB's jurisdiction. See, e.g., NLRB v. United Ins. Co. of Am., 390 U.S. 254, 260 (1968); ARA Leisure Servs., Inc. v. NLRB, 782 F.2d 456, 459 (4th Cir. 1986).

6

by" entertainers or a copy of the lease and a list of entertainers who signed it from July 1, 2014, through the date the subpoena was served and (2) "[d]ocuments . . . show[ing] all work rules, policies, or other conditions of employment" for Raleigh Restaurant Concept employees during the same time period. [D.E. 1-3] 3, 5. The subpoena reasonably describes the documents sought and is appropriately limited in scope and time. See, e.g., In re Subpoena Duces Tecum, 228 F.3d at 349; Luttrell v. Dep't of Def., No. 5:10-MC-19, 2010 WL 2465538, at *2 (E.D.N.C. June 11, 2010) (unpublished). Thus, the subpoena is not too indefinite. See Morton Salt Co., 338 U.S. at 652; Randstad, 685 F.3d at 442; Interbake Foods, LLC, 637 F.3d at 499.

C.

Finally, the court must determine whether the information sought is reasonably relevant to the charge. See Morton Salt Co., 338 U.S. at 652; Randstad, 685 F.3d at 442; Interbake Foods, LLC, 637 F.3d at 499. The amended charge alleges that Raleigh Restaurant Concepts engaged in an unfair labor practice by enforcing Holden's waiver of her right to pursue a class action or to arbitrate on a class basis against Raleigh Restaurant Concepts. [D.E. 1-5] 31. The amended charge also charges that Raleigh Restaurant Concepts engaged in an unfair labor practice by "maintain[ing] policies including a Mandatory Arbitration provision and Class and Collective Action Waiver." Id.

First, the NLRB seeks leases signed by entertainers other than Holden during the time period at issue or a copy of the entertainer lease and a list of names of those who signed it. [D.E. 1-3] 5. The identities of members of the putative victim class are reasonably relevant to the charge. See, e.g., In re Subpoena Duces Tecum, 228 F.3d at 350–51 (holding that medical records regarding numerous patients were reasonably related to government investigation of health care fraud by a doctor); see also, e.g., EEOC v. United Parcel Serv., Inc., 587 F.3d 136, 139–140 (2d Cir. 2009) (per curiam) (holding that the district court applied "too restrictive a standard of relevance" when it

7

denied enforcement of a subpoena seeking information regarding an employer's nationwide application of allegedly discriminatory policy); New Orleans S.S. Ass'n v. EEOC, 680 F.2d 23, 26 (5th Cir. 1982) (holding that a list containing the name, race, and sex of examinees was relevant in investigating an allegedly discriminatory test); cf. ACLU v. Clapper, 785 F.3d 787, 814 (2d Cir. 2015) (holding invalid a subpoena with "no foreseeable end point, no requirement of relevance to any particular set of facts, and no limitations as to subject matter or individuals covered").

Second, the subpoena seeks "[d]ocuments, including employee handbooks and company guidelines, ... show[ing] all work rules, policies, or other conditions of employment" for employees at Raleigh Restaurant Concepts during the period covered by the subpoena. [D.E. 1-3] 5. Raleigh Restaurant Concepts argues that these documents are not reasonably relevant to any charged violation of Holden's NLRA rights because, as an independent contractor, Holden did not view, execute, or receive copies of these documents, nor was she required to follow them. See [D.E. 12] 9; [D.E. 1-5] 9–10. Holden charges, however, that Raleigh Restaurant Concepts "maintained policies" constituting the unfair labor practice at issue. [D.E. 1-5] 31. Insofar as the subpoenaed documents may contain evidence regarding company-wide enforcement of these policies—both as to individuals that Raleigh Restaurant Concepts considers employees and as to the entertainers, who the NLRB may ultimately classify as employees—the request reasonably relates to investigation of alleged NLRA violations. Accordingly, the demands of the NLRB subpoena are "within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant" to the charge. Thus, the court grants the petition to enforce the subpoena. See Morton Salt Co., 338 U.S. at 652; see also Randstad, 685 F.3d at 442; Interbake Foods, LLC, 637 F.3d at 499.

III.

In sum, the NLRB's petition for enforcement of subpoena [D.E. 1] is GRANTED.

SO ORDERED. This 11 day of August 2016.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge