IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-438-D

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER** |
| RALEIGH RESTAURANT CONCEPTS, INC. | ) ) ) | |
| Respondent | ) | |

On August 12, 2016, the court issued an order enforcing the National Labor Relations Board's ("NLRB") subpoena duces tecum [D.E. 23]. On September 8, 2016, Raleigh Restaurant Concepts, Inc. ("Raleigh Restaurant Concepts") moved to stay the enforcement order [D.E. 23]. Raleigh Restaurant Concepts seeks the stay pending its appeal to the United States Court of Appeals for the Fourth Circuit. See [D.E. 25, 26]. On September 27, 2016, the NLRB responded in opposition [D.E. 31]. As explained below, the court denies the motion to stay.

In considering a motion to stay pending appeal, a court must consider (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether granting a stay would irreparably harm other parties interested in the proceeding; and (4) whether granting the stay would serve the public interest. See, e.g., Nken v. Holder, 556 U.S. 418, 434 (2009); Hitton v. Braunskill, 481 U.S. 770, 776 (1987).

The court has considered the entire record and governing law. Raleigh Restaurant Concepts has not made a strong showing of likelihood of success on the merits. See [D.E. 23]. Raleigh Restaurant Concepts will not suffer any irreparable harm absent the stay. Producing the documents

will not moot Raleigh Restaurant Concepts' appeal. See, e.g., EEOC v. Aerotek, Inc., 815 F.3d 328, 332 (7th Cir. 2016); United States v. Am. Target Advert., Inc., 257 F.3d 348, 350 n.1 (4th Cir. 2001); Reich v. Nat'l Eng'g & Contracting Co., 13 F.3d 93, 97–98 (4th Cir. 1993). Furthermore, although granting a stay would not irreparably harm the NLRB or anyone else interested in the proceeding, a stay would not advance the public interest. See, e.g., George Banta Co., Inc. v. NLRB, 604 F.2d 830, 835 (4th Cir. 1979) (noting that prompt disposition of alleged unfair labor practices is in the public interest).

In sum, the motion to stay [D.E. 25] is DENIED.

SO ORDERED. This **17** day of October 2016.

JAMES C. DEVER III
Chief United States District Judge